File No. PI05-15988
Document No. 236134

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RENEE W. BYRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1554 |
| | ) | |
| THE MAY DEPARTMENT STORES CO., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

COMES NOW defendant, The May Department Stores Company d/b/a Strawbridge's ("May"), and for its Answer to plaintiff's pro se Complaint, states as follows:

### PARTIES

1. Plaintiff's paragraph 1 contains jurisdictional and/or legal allegations and opinions to which no response is required. To the extent a response is otherwise required, May states that plaintiff's allegations and Complaint speak for themselves with respect to the nature of plaintiff's causes of action. May further states that the various statutes referenced by plaintiff also speak for themselves. Except as expressly admitted herein, or in the referenced statutes or pleadings, May denies the allegations in plaintiff's paragraph 1 and further denies that plaintiff is entitled to any relief under the referenced statutes.

2. In response to the allegations contained in paragraph 2 of plaintiff's Complaint, May states that it is without information or knowledge sufficient to form a

belief concerning plaintiff's current residence and citizenship, and, therefore, denies the allegations in paragraph 2.

3. In response to the allegations contained in paragraph 3 of plaintiff's Complaint, May admits that Strawbridge's is a division of The May Department Stores Company ("May"), which maintains corporate offices at 611 Olive Street in St. Louis, MO 63101. Except as expressly admitted herein, May denies all other allegations in paragraph 3.

4. In response to the allegations contained in paragraph 4 of plaintiff's Complaint, May admits that plaintiff was employed by May at its Strawbridge's Concord location in Delaware. Except as expressly admitted herein, May denies the allegations in paragraph 4 of plaintiff's Complaint and specifically denies that May engaged in any "discriminatory conduct."

5. May denies the allegations in paragraph 5 of plaintiff's Complaint.

6. May denies the allegations in paragraph 6 of plaintiff's Complaint.

7. In response to the allegations in paragraph 7 of plaintiff's Complaint, May states that it is without information or knowledge sufficient to form a belief with respect to where plaintiff filed anything or exactly what, if anything, plaintiff did file. Therefore, May denies the allegations in paragraph 7 of plaintiff's Complaint and specifically denies that any action taken by May concerning plaintiff involved "discriminatory conduct."

8. In response to paragraph 8 of plaintiff's Complaint, May states that plaintiff does not appear to set forth any allegations to which a response is required. Therefore, to the extent paragraph 8 was intended to contain allegations, May denies the same.

9. In response to the allegations in paragraph 9 of plaintiff's Complaint, May states that it is without information or knowledge sufficient to form a belief with respect to the date upon which the EEOC issued any correspondence or documentation as well as the date upon which plaintiff would have received the same. In addition, any authenticated and properly admissible document speaks for itself. Therefore, May denies the allegations in paragraph 9 of plaintiff's Complaint.

10. In response to the allegations in paragraph 10 of plaintiff's Complaint, May admits that plaintiff was separated from her employment with May. Except as expressly set forth herein, May denies the allegations in paragraph 10 of plaintiff's Complaint and specifically denies that this matter involves "discriminatory acts."

11. May denies the allegations in paragraph 11 of plaintiff's Complaint.

12. In response to paragraph 12 of plaintiff's Complaint, May states that plaintiff does not appear to state any allegations in paragraph 12 and otherwise did not attach a copy of any "charges" as indicated. In addition, any charges or other papers filed with the EEOC or any other government body speaks for themselves. Therefore, to the extent paragraph 12 was designed to contain any allegations, May denies the same.

13. Paragraph 13 of plaintiff's Complaint contains legal conclusions or opinions to which no response is required. To the extent a response is otherwise

required, May states that Title VII of the 1964 Civil Rights Act speaks for itself with respect to any rights granted to individuals therein. Except as expressly admitted herein, or in the referenced statutes, May denies all the allegations in paragraph 13 of plaintiff's Complaint and specifically denies that plaintiff was denied rights. May also specifically denies that plaintiff is entitled to any relief in this case.

      14.    Paragraph 14 of plaintiff's Complaint contains legal conclusions or opinions to which no response is required. To the extent a response is otherwise required, May denies the allegations in paragraph 14 of plaintiff's Complaint.

May further denies that plaintiff is entitled to any relief as a result of the allegations raised in her Complaint, and in particular, denies that plaintiff is entitled to any relief, including the relief sought in the THEREFORE paragraph and its subparagraphs A through C.

## GENERAL DENIAL

May further denies each and every allegation of fact, conclusion of law, or other matter, express or implied, contained in plaintiff's Complaint that has not otherwise been expressly admitted herein.

## FURTHER ANSWERS AND DEFENSES

      1.    Further answering, plaintiff's Complaint, in whole or in part, fails to state a claim for which relief can be granted.

      2.    Further answering, all actions taken by May with regard to plaintiff were based on legitimate and reasonable business factors not related to any statutory prohibition invoked by plaintiff.

3. Further answering, May acted in good faith and without any discriminatory motives.

4. Further answering, all actions taken by May with regard to plaintiff's employment were for good cause.

5. Further answering, all actions taken by May with regard to plaintiff were based on legitimate business justification and facts other than race or any other protected classification.

6. Further answering, May asserts that plaintiff has failed and neglected to use reasonable means to protect herself from loss and to mitigate the alleged losses and damages complained of in her Complaint.

7. Further answering, May asserts that plaintiff has failed to satisfy all conditions precedent to pursuing her claims in her Complaint, including the timely exhaustion of administrative remedies and the timely following of this lawsuit following receipt of her Notice of Right to Sue.

8. Further answering, May asserts that any unlawful conduct engaged in by its employees, supervisory or otherwise, was outside the scope of their employment and was contrary to May's good faith efforts to comply with any and all applicable laws, including, but not limited to, Title VII of the Civil Rights Act of 1964

9. Further answering, May asserts that plaintiff is barred, in whole or in part, from recovery of damages as alleged and prayed for in the Complaint by the after-acquired evidence doctrine.

10. Further answering, May states that plaintiff is not entitled to an award of punitive damages and that such an award would be violative of the United States Constitution.

11. Further answering, May asserts that plaintiff's burden of proof is to support a punitive damage recovery by clear and convincing evidence.

WHEREFORE, defendant, The May Department Stores Company d/b/a Strawbridge's, denies that plaintiff is entitled to any relief as a result of the allegations set forth in the Complaint. May requests that judgment be awarded in its favor and that it be awarded its costs and disbursements incurred in this action, including attorneys fees and such other and further relief as this Court may deem just and proper.

Respectfully submitted,

HECKLER & FRABIZZIO

_____
DANIEL P. BENNETT
Delaware Bar No. 2842
The Corporate Plaza
800 Delaware Avenue, Suite 200
P.O. Box 128
Wilmington, DE 19899-0128
(302)-573-4800 (telephone)

Attorneys for The May Department Stores Co.

Date: March 28, 2005

## CERTIFICATE OF SERVICE

I hereby certify that I have this 28th day of March, 2005, caused to be placed in the United States Mail, postage prepaid, a true and correct copy of the foregoing Answer to Complaint to:

Ms. Renee W. Byrd
2334 Tolstoy Lane
Newark, DE 19702

                              HECKLER & FRABIZZIO

                              */s/ Daniel P. Bennett*
                              DANIEL P. BENNETT
                              Delaware Bar No. 2842
                              The Corporate Plaza
                              800 Delaware Avenue, Suite 200
                              P.O. Box 128
                              Wilmington, DE 19899-0128
                              (302)-573-4800 (telephone)
                              Attorney for The May Department Stores Co.

Date: March 28, 2005