IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE W. BYRD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-1554-SLR |
| | ) |
| MAY DEPARTMENT STORES, CO., | ) |
| | ) |
|     Defendant. | ) |

O R D E R

At Wilmington this 31st day of August, 2005, having considered plaintiff's letter request for appointment of counsel;

IT IS ORDERED that said request (D.I. 13) is denied for the reasons that follow:

1. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion, however, to seek representation by counsel for plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain

circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

  2. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d at 499.

  3. In her request for counsel, plaintiff states that she does not understand how to respond to the requests made by defense counsel and that she has been unable to find representation of counsel. (D.I. 13) Having reviewed plaintiff's letter as well as the record, the court does not find that appointment of counsel is warranted at this time. Specifically, plaintiff has demonstrated an ability to coherently present her claims and requests for relief.

*/s/ Sue L. Robinson*
United States District Judge