## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE W. BYRD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 04-1554 (SLR) |
| | ) |
| THE MAY DEPARTMENT STORES CO., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT THE MAY DEPARTMENT STORES CO.'S
## OPENING BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

**HECKLER & FRABIZZIO**
DANIEL P. BENNETT, I.D. #2842
The Corporate Plaza
800 Delaware Avenue, Suite 200
P.O. Box 128
Wilmington, DE  19899-0128
(302) 573-4800
Attorney for Defendant

January 12, 2006

File No.: PI05-15988
Document No.: 274454

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

NATURE AND STAGE OF PROCEEDING....................................................................1

SUMMARY OF ARGUMENT..........................................................................................2

STATEMENT OF FACTS..................................................................................................3

ARGUMENT.......................................................................................................................7

    I.        Standard Governing Motions for Summary Judgment.........................7

    II.      Plaintiff's Race Discrimination Claim Fails Because Plaintiff Has
           No Evidence that Similarly situated Non-Class Members Were
           Treated Better Than Her.............................................................................8

    III.     If Plaintiff Had A Prima Facie Case, Defendant Had a Legitimate,
           Non-Discriminatory Reason for Its Decision and There is No
           Evidence of Pretext....................................................................................11

CONCLUSION....................................................................................................................14

## TABLE OF AUTHORITIES

CASES                                                                        PAGE

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986)..................................................................................................7

Boykins v. Lucent Techs., Inc.,
78 F. Supp. 2d 402 (E.D. Pa. 2000)...................................................................8

Bray v. L.D. Caulk Dentsply Int'l,
2000 U.S. Dist. Lexis 11062 (D. Del. 2000).......................................................8

Brewer v. Quaker State Oil Ref. Corp.,
72 F.3d 326 (3d Cir. 1995)..................................................................................11,12

Celotex Corp. v. Catrett,
477 U.S. 317 (1986)..............................................................................................7

Ezold v. Wolf, Block, Schorr & Solis-Cohen,
983 F.2d 509 (3d Cir. 1992)................................................................................12

Jones v. Sch. Dist. Of Philadelphia,
198 F.3d 403 (3d Cir. 1999)................................................................................8

McCoy v. WGN Cont'l Broad. Co.,
957 F.2d 368 (7th Cir. 1992)...............................................................................12

McDonnell Douglas Corp. v. Green,
411 U.S. 792 (1973).............................................................................................8

Messina v. E.I. Du Pont De Nemours and Co.,
308 F. Supp. 2d 491 (D. Del. 2004)..................................................................7,8,9,11

Pivirotto v. Innovative Systems, Inc.,
191 F.3d 344 (3d Cir. 1999)...............................................................................11

Port Authority of New York and New Jersey v. Affiliated FM Ins. Co.,
311 F.3d 226 (3d Cir. 2002)...............................................................................7,11

Radue v. Kimberly-Clark Corp.,
219 F.3d 612 (7th Cir. 2000)...............................................................................9

## STATUTES

42 U.S.C. §2000e-2(a)............................................................................................................8

## NATURE AND STAGE OF PROCEEDING

Plaintiff, Renee Byrd, alleges that defendant, Federated Retail Holdings, Inc., f/k/a The May Department Stores Company, d/b/a Strawbridge's, terminated her employment on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff has answered defendant's request for admissions and interrogatories, but not its requests for production of documents. Plaintiff did not engage in any written or oral discovery. Plaintiff's deposition has been completed and discovery is now closed. No trial date is set. Pursuant to the Court's Pre-Trial Scheduling Order, Motions for Summary Judgment were due on or before January 12, 2006. This is Defendant's Opening Brief in Support of Its Motion for Summary Judgment.

## SUMMARY OF ARGUMENT

Defendant contends that plaintiff's claim fails as a matter of law. Plaintiff is unable to show that any similarly situated individuals were treated better than her. She also admits to all the core facts supporting defendant's legitimate and non-discriminatory reason for terminating her: her violation of defendant's policy against violence in the workplace. Plaintiff has no evidence sufficient to raise an inference of pretext and no evidence sufficient to raise an inference of intentional race discrimination. Thus, her claim fails as a matter of law, and summary judgment is appropriate in defendant's favor.

## STATEMENT OF FACTS

Defendant became plaintiff's employer in approximately 1996 by buying a group of stores, including the one where plaintiff was working as a counter manager for the Estee Lauder line of cosmetics in Exton (Plaintiff's Deposition ("Dep.") at 46-48).[1] In approximately 1998, plaintiff, an African-American woman, chose to transfer to the Concord Strawbridge's store to be an associate in the furniture department (Plaintiff's Dep. at 44, 47-48). Plaintiff worked in this position at the Concord store until her termination on approximately March 3, 2004 (Plaintiff's Dep. at 51).

At the time of plaintiff's employment, defendant's employee handbook specifically stated that the following amounted to "Gross Misconduct" subject to "immediate termination without prior warning:" "Inappropriate or disorderly conduct while on company time or company property. This includes, but is not limited to, horseplay, fighting, threatening violence, and creating a nuisance or disturbance" (Ex. 1 to Plaintiff's Dep. at pages 33-34; Plaintiff's Dep. at 75-77). Plaintiff testified that she received a copy of the employee handbook and signed an acknowledgement of her receipt of the same (Ex. 2. to Plaintiff's Dep.; Plaintiff's Dep. at 75-77). She also testified that she knew "fighting is wrong," and that "somebody could be fired for fighting." (Plaintiff's Dep. at 77).

---

[1]    The excerpts from plaintiff's deposition are attached hereto as Exhibit A. The individual exhibits attached to said deposition and referenced herein are referenced by the same numbers used in plaintiff's deposition(1, 2, 3, etc.). The Watson and Rubin affidavits referenced herein are attached as Exhibits B and E respectively.

Plaintiff was terminated following an incident involving her and a white co-worker, J.D. Fleisher ("J.D.") on approximately February 27, 2004 (Plaintiff's Dep. at 44, 63, 78-82, 85-90, 94-97, 99; Ex. 3 to Plaintiff's Dep.; Ex. 4 to Plaintiff's Dep.). In brief, plaintiff struck J.D. in the face, near his eye, approximately two to three times after he hit her in the back of the head with a book, causing her teeth to strike the back of a chair. *Id.* Afterwards, but still on the same date, J.D. explained what happened to the Human Resource Manager at the store, Veronica Watson. (Watson Affidavit ("Aff") at ¶¶ 3-4). Ms. Watson took notes related to what J.D. told her (Watson Aff. at ¶¶ 3-4, Ex. C).

Later that day, Ms. Watson also spoke with, and took a statement from, plaintiff wherein plaintiff admitted to hitting J.D. "back sideways." (Plaintiff's Dep. at 92-96, Ex. 4 to Plaintiff's Dep.; Watson Aff. at ¶ 5). Ms. Watson then faxed a write-up of what J.D. told her as well as plaintiff's statement to Sally Madden, Manager of Associate Relations for defendant in Arlington, Virginia. (Watson Aff. at ¶ 6). After speaking with Ms. Madden, Ms. Watson took statements from other witnesses, Exs. F-J, photographed J.D.'s face, Ex. D[2], and suspended plaintiff and J.D. (Plaintiff's Dep. at 98-99; Watson Aff. at ¶¶ 6-8). Ms. Watson took these actions between March 1 and March 3, 2004 (Watson Aff. at ¶ 7). Ms. Watson then provided this information to Ms. Madden for review (Watson Aff. at ¶ 9).

---

[2] The photographs also depict the book with which J.D. struck Plaintiff, as part of the investigation.

4

The information procured by Ms. Watson was reviewed by Diane Rubin -- Vice President/Director of Labor and Employee Relations, and Bruce Kelso – Senior Vice President of Human Resources (Rubin Aff. at ¶¶ 6-7). On the basis of the information obtained, Ms. Rubin and Mr. Kelso decided to terminate both plaintiff and J.D. for violation of the policy against workplace violence (Rubin Aff. at ¶¶ 6-8). Thereafter, J.D. and plaintiff were terminated (Plaintiff's Dep. at 99-100, 105). This decision was communicated to plaintiff on approximately March 3, 2004 (Plaintiff's Dep. at 99-100).

Plaintiff has never heard that she was fired for a reason other than violation of the policy against workplace violence (Plaintiff Dep. at 105). She also has not heard any management employee make any derogatory comments that she felt were racist, negative, or derogatory on the basis of her race (Plaintiff's Dep. at 115). She also does not recall having any personal disputes with Mr. Kelso, Ms. Rubin, or Ms. Madden (Plaintiff's Dep. at 66-69).

Instead, plaintiff claims that her termination was discriminatory primarily because a white employee pushed her in the back in 1999, but was not terminated (Plaintiff's Dep. at 114-15, 119-25). Plaintiff said that as a result of the pushing, she had to "try to catch my balance" (Plaintiff's Dep. at 121). However, plaintiff has no evidence that Ms. Rubin and/or Mr. Kelso knew of this incident (Plaintiff's Dep. at 134). In addition, plaintiff testified that two other individuals, a Larry and a Mike, were involved in a fighting incident or brawl with other people just outside the store in the mall area (Plaintiff's Dep. at 116-18). Plaintiff testified that Larry is "Spanish" (Plaintiff's Dep. at 72). Plaintiff says Mike's race is "black" (Plaintiff's Dep. at 119).

5

Plaintiff has no evidence that anyone reported the incident involving Mike and Larry to upper management (Plaintiff's Dep. at 119).