# ARGUMENT

I. **Standard Governing Motions for Summary Judgment.**

In order to prevail on its Motion, defendant must demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Messina v. E.I. Du Pont De Nemours and Co., 308 F.Supp.2d 491, 492 (D. Del. 2004). In response, plaintiff will bear "the burden of persuasion" and must, therefore, "'identify those facts of record which would contradict the facts identified by" defendant. Messina, 308 F.Supp.2d at 492 (quoting Port Authority of New York and New Jersey v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2002)). Thus, the "mere existence of some evidence in support of the nonmoving party . . . will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue." See Anderson, 477 U.S. at 249. In addition, plaintiff may not rely on mere unsupported assertions, speculation, or conclusory allegations to avoid summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Plaintiff's claims fail as a matter of law under this standard for the reasons that follow.

II. **Plaintiff's Race Discrimination Claim Fails, Because Plaintiff Has No Evidence that Similarly Situated Non-Class Members Were Treated Better Than Her.**

Under Title VII, employers are prohibited from discriminating against employees on the basis of employees' race. 42 U.S.C. § 2000e-2(a) (as amended 1991). Race discrimination claims under Title VII are analyzed under the familiar burden-shifting scheme set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Messina, 308 F.Supp.2d at 496. Thus, to make an initial prima facie claim of race discrimination, plaintiff must prove: (1) she was a member of a protected class; (2) she suffered an adverse employment action; and (3) that the action took place under circumstances giving rise to an inference of unlawful discrimination such as when similarly-situated individuals outside the protected class are treated differently. See Boykins v. Lucent Techs., Inc., 78 F.Supp.2d 402, 209 (E.D. Pa. 2000) (citing Jones v. Sch. Dist. of Philadelphia, 198 F.3d 403, 410 (3d Cir. 1999)). As noted, a party's mere subjective beliefs of discrimination are insufficient to establish the prima facie case. See Bray v. L.D. Caulk Dentsply Int'l, 2000 U.S. Dist. Lexis 11062 (D. Del. 2000). Here, plaintiff cannot show that similarly situated individuals outside the protected class were treated differently. She also cannot raise an inference of discrimination in some other manner.

Plaintiff is unable to satisfy this third prong of her prima facie case, because she has no evidence to establish that similarly situated non-class members were treated differently than her. To make such a showing, plaintiff must demonstrate that the non-class members were "'subject to the same standard and had engaged in similar conduct

8

without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them.'" Messina, 308 F.Supp.2d at 497 (quoting Radue v. Kimberly-Clark Corp., 219 F.3d 612, 617-18 (7th Cir. 2000)).  Plaintiff has not identified one individual outside the protected class who engaged in conduct similar to her striking of a co-employee, of which Defendant had knowledge, who was not similarly disciplined.  The fact that a white employee, J.D., was also terminated for his role in the altercation with plaintiff shows that this case features no race animus whatsoever.

In addition, plaintiff's claim that a white co-worker pushed her in the back in 1999 falls short of meeting the third requirement of the prima facie case.  Someone pushing plaintiff in the back so that she merely had to catch her balance stands in stark contrast to the extreme actions of plaintiff.  Plaintiff caused actual physical damage in the form of a black eye to the other party via her actions.  In addition to these contrasting facts between plaintiff's altercation in 2004 and someone pushing her in 1999, plaintiff also has no evidence that the decision-makers in her case – Ms. Rubin and Mr. Kelso – knew that someone pushed her in 1999.  In other words, the 2004 altercation and the alleged pushing incident are dissimilar.

In addition, plaintiff claims two other individuals were involved in fighting but not terminated.  However, plaintiff testified that both of those individuals, Larry and Mike, are minorities.  Thus, no inference of race discrimination arises from plaintiff's reference to these incidents.  To the contrary, they raise an inference of non-

9

discrimination. Moreover, plaintiff has no evidence that Ms. Rubin and/or Mr. Kelso knew of this altercation.

In short, plaintiff has no evidence that any similarly situated individual outside the protected class was treated differently than her. Therefore, she fails to prove the existence of a prima facie case, and her claim fails as a matter of law.

III. **If Plaintiff Had A Prima Facie Case, Defendant Had A Legitimate, Non-Discriminatory Reason For Its Decision And There is No Evidence of Pretext**

Even if plaintiff could make the proper showing of the existence of a prima facie case, defendant is still entitled to summary judgment because it had a legitimate, non-discriminatory reason for its action(s) and there is no evidence of pretext.[3] Indisputably, the employment decision here followed shortly after plaintiff struck a white employee in the face three times with her fist. During an investigation, plaintiff signed a statement admitting to all the predicate facts surrounding the altercation with her co-worker. At the time, defendant had a policy in its associate handbook prohibiting such behavior. In addition, plaintiff understood that someone could be fired for fighting in the workplace. It is beyond dispute that under these facts, defendant could legitimately determine that plaintiff violated the company policy prohibiting violence in the workplace. Thus, under these circumstances, no doubt exists that the separation of plaintiff from her employment for these reasons amounts to a legitimate and nondiscriminatory business decision.

In response, plaintiff must do more than question the wisdom of this decision through the prism of her own self-interest. The anti-discrimination statutes do not

---

[3] See St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993). Following the prima facie case, defendant must merely articulate a legitimate, nondiscriminatory reason for the employment decision at issue. Messina, 308 F.Supp.2d at 496. Once defendant discharges this burden, plaintiff then bears the burden of bringing forth evidence sufficient to raise an inference that defendant's asserted reason for its decision is pretextual and that discrimination was the real reason. Pivirotto v. Innovative Systems, Inc., 191 F.3d 344, 352, n.4 (3d Cir. 1999) (emphasis added) See also Messina, 308 F.Supp.2d at 496.

11

permit courts, much less plaintiff, to sit as "personnel managers" and second-guess the wisdom and soundness of defendant's business decisions. See Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 332 (3d Cir. 1995) (quoting McCoy v. WGN Cont'l Broad. Co., 957 F.2d 368, 373 (7th Cir. 1992)). The statutes do not prohibit employment decisions based on any reason, including even erroneous evaluations or unsound business practices, so long as an employer does not act in violation of federal discrimination laws. See Brewer, 72 F.3d at 331-32 (noting that courts should not question wisdom of employer's reliance on a certain explanation for action, but only whether explanation is honest) (citing Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 528-33 (3d Cir. 1992)). Plaintiff's admissions to the predicate acts supporting the finding of a violation of the "zero tolerance policy" regarding violence, combined with her signed statement admitting to the same, provide objective facts that are not only indicative of defendant's legitimate and non-discriminatory reason, but are also indicative of the soundness of the decision.

More importantly, however, plaintiff is unable to proffer any evidence that the decision makers, Ms. Rubin and Mr. Kelso, or any other individual in management took any action against her because of her race. Plaintiff testified that she had never heard any management level employee make derogatory or racist comments. She also testified that she never even had a personal dispute with the two decision makers. Finally, as noted above, the white employee involved in the altercation with plaintiff was also terminated. Also, even plaintiff's alleged dissimilar examples of alleged fighting without discipline do not raise an inference of discrimination. Even if the

12

allegations are true, two of the three individuals identified by plaintiff were also minorities. In short, plaintiff has absolutely no evidence of race discrimination. For these reasons, her claim fails as a matter of law and should be dismissed.

## CONCLUSION

For all the reasons set forth herein, plaintiff's race claim against defendant fails as a matter of law and should be dismissed with the granting of any other appropriate relief in defendant's behavior that the Court deems just and proper.

DATED: January 12, 2006

Respectfully submitted,

HECKLER & FRABIZZIO

_____
DANIEL P. BENNETT
Delaware Bar No. 2842
The Corporate Plaza
800 Delaware Avenue, Suite 200
P.O. Box 128
Wilmington, DE 19899-0128
(302)-573-4800 (telephone)

Michael E. Franklin
The May Department Stores Company
Office of Legal Counsel
611 Olive Street, Suite 1750
St. Louis, Missouri 63101
Telephone: (314) 342-6055
Facsimile: (314) 342-3066

Attorneys for Federated Retail Holdings Inc., f/k/a The May Department Stores Company, d/b/a Strawbridge's

## CERTIFICATE OF SERVICE

I hereby certify that I have this 12th day of January, 2006, caused to be placed in the United States Mail, postage prepaid, a true and correct copy of the foregoing to:

Ms. Renee W. Byrd
2334 Tolstoy Lane
Newark, DE 19702

                        HECKLER & FRABIZZIO

                        /s/ Daniel P. Bennett
                        DANIEL P. BENNETT
                        Delaware Bar No. 2842
                        The Corporate Plaza
                        800 Delaware Avenue, Suite 200
                        P.O. Box 128
                        Wilmington, DE 19899-0128
                        (302)-573-4800 (telephone)
                        Attorney for The May Department Stores Co.

Date: January 12, 2006