IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE W. BYRD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04-1554 |
| | ) |
| THE MAY DEPARTMENT STORES CO., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY BRIEF
IN SUPPORT OF SUMMARY JUDGMENT**

DANIEL P. BENNETT
HECKLER & FRABIZZIO
Delaware Bar No. 2842
The Corporate Plaza
800 Delaware Avenue, Suite 200
P.O. Box 128
Wilmington, DE 19899-0128
(302)-573-4800 (telephone)

Date: March 16, 2006

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

ARGUMENT........................................................................................................................1

    I.    Plaintiff May Not Rely on Unsupported Assertions and
        Conclusory Allegations...................................................................................2

    II.   Plaintiff Presented no Evidence that Similarly
        Situated Non-Class Members Were Treated Better Than Her .............2

    III.  If Plaintiff Had A Prima Facie Case, Defendant Had A
        Legitimate, Non-Discriminatory Reason For Its Decision
        And There is No Evidence of Pretext...........................................................4

CONCLUSION.....................................................................................................................5

## TABLE OF AUTHORITIES

Boykins v. Lucent Techs.,
78 F.Supp. 2d 402 (E.D. Pa. 2000 ............................................................................2

Celotex Corp. v. Catrett,
477 U.S. 317, 324 (1986)............................................................................................2

Jones v. Sch. Dist. Of Philadelphia,
198 F.3d 403 (3d Cir. 1999) ......................................................................................2

Messina,
308 F. Supp. 2d at 497 ..............................................................................................3

Radue v. Kimberly-Clark Corp.,
219 F.3d 612 (7th Cir. 2000) .....................................................................................3

## ARGUMENT

Plaintiff's Response leaves all of defendant's asserted facts uncontroverted, including the following critical facts: (1) the decision to terminate plaintiff followed shortly after plaintiff struck an employee in the face three times with her fist; (2) during an investigation, plaintiff signed a statement admitting to all the predicate facts surrounding the altercation with her co-worker; (3) at the time, defendant had a policy in its associate handbook prohibiting such behavior; (4) plaintiff understood that someone could be fired for fighting in the workplace; (5) plaintiff never heard any management level employee make derogatory or racist comments; and (6) the white employee involved in the altercation with plaintiff was also terminated.

Otherwise, plaintiff responds in the manner defendant predicted: by alleging a white employee once pushed her in 1999. Again, however, plaintiff does not contest the following critical facts submitted by defendant in response to this contention: (1) plaintiff has no evidence that the decision-makers in her case – Ms. Rubin and Mr. Kelso – knew that someone pushed her in 1999; (2) plaintiff has no evidence that the alleged "push" caused her anywhere near the type of physical harm she caused when she struck a co-worker three times with her fist; (3) plaintiff testified two other individuals – both of whom were minorities -- were involved in fighting but not terminated;[1] and (4) in plaintiff's situation, the white employee she struck was also terminated for striking her on the head. In short, not a shred of evidence exists to support a claim for race

---

[1] As with the other alleged situation involving Ms. Ableman, no evidence exists that Ms. Rubin and/or Mr. Kelso knew of this altercation either.

discrimination. Thus, for the reasons asserted in defendant's opening pleadings, plaintiff's race discrimination case should be dismissed.

I.   Plaintiff May Not Rely on Unsupported Assertions and Conclusory Allegations.

As an initial matter, defendant notes that plaintiff may not rely on mere unsupported assertions, speculation, or conclusory allegations to avoid summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Here, plaintiff makes the following unsupported assertions: (1) that a "push" violates defendant's anti-violence policy; (2) that plaintiff had "many awards for sales and customer service;" (3) that Laurie Ableman had "many negative/bad complaints in her file;" (4) that Laurie Ableman was "giving [sic] numerous chances;" (5) that Laurie Ableman "had been given many chances with many negative write ups;" and (6) many "managers and employees can validate both Laurie and [plaintiff]." Response. Plaintiff has presented no evidence – in the form of documents, affidavits, or otherwise – to support these assertions. As a result, she may not rely on them to avoid summary judgment. However, even if she could, her case would still fail.

II.  Plaintiff Presented no Evidence that Similarly Situated Non-Class Members Were Treated Better Than Her.

Plaintiff fails to make a prima facie case of discrimination, because she has no evidence that her termination took place under circumstances giving rise to an inference of unlawful discrimination such as when similarly-situated individuals outside the protected class are treated differently. See Boykins v. Lucent Techs., Inc., 78 F.Supp.2d 402, 209 (E.D. Pa. 2000) (citing Jones v. Sch. Dist. of Philadelphia, 198 F.3d 403, 410 (3d

2

Cir. 1999)). To make such a showing, plaintiff must demonstrate that the non-class members were "'subject to the same standard and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them.'" Messina, 308 F.Supp.2d at 497 (quoting Radue v. Kimberly-Clark Corp., 219 F.3d 612, 617-18 (7th Cir. 2000)).

Plaintiff has not identified a single individual outside the protected class who engaged in conduct similar to her striking of a co-employee three times with a fist. The fact that a white employee was also terminated for his role in the altercation with plaintiff shows that this case features no race animus.

In addition, as noted above, the alleged actions of a white co-worker named Laurie are insufficient alone to raise an inference of discrimination. Someone pushing plaintiff in the back so that she merely had to catch her balance stands in stark contrast to the extreme actions of plaintiff. Plaintiff caused actual physical damage in the form of a black eye to the other party via her actions. In addition to these contrasting facts between plaintiff's altercation in 2004 and someone pushing her in 1999, plaintiff also has no evidence that the decision-makers in her case – Ms. Rubin and Mr. Kelso – knew that someone pushed her in 1999.

In addition, as noted above, plaintiff claims two other individuals – both minorities were involved in fighting but not terminated. Thus, no inference of race discrimination arises from plaintiff's collective references. To the contrary, they raise an inference of non-discrimination.

III.  **If Plaintiff Had A Prima Facie Case, Defendant Had A Legitimate, Non-Discriminatory Reason For Its Decision And There is No Evidence of Pretext**

Even if plaintiff could make the proper showing of the existence of a prima facie case, defendant is still entitled to summary judgment because it had a legitimate, non-discriminatory reason for its action(s) and there is no evidence of pretext. As noted above, plaintiff does not, and cannot, dispute the critical facts related to her termination. It is beyond dispute that under the undisputed facts, defendant could legitimately determine that plaintiff violated the company policy prohibiting violence in the workplace. Thus, no doubt exists that the separation of plaintiff from her employment amounts to a legitimate and nondiscriminatory business decision.

More importantly, however, plaintiff does not have any evidence that the decisionmakers, Ms. Rubin and Mr. Kelso, or any other individual in management took any action against her because of her race. To the contrary, the white co-worker she struck was also terminated. Similarly, plaintiff's alleged dissimilar examples of alleged fighting without discipline do not raise an inference of discrimination. Two of the three individuals identified by plaintiff were also minorities. In short, plaintiff has absolutely no evidence of race discrimination. For these reasons, her claim fails as a matter of law and should be dismissed.

## CONCLUSION

For all the reasons set forth herein and in defendant's opening pleadings, plaintiff's race claim against defendant fails as a matter of law and her case should be dismissed in its entirety with the granting of any other appropriate relief the Court deems just and proper.

DATED: March 16, 2006

Respectfully submitted,

HECKLER & FRABIZZIO

_____
DANIEL P. BENNETT
Delaware Bar No. 2842
The Corporate Plaza
800 Delaware Avenue, Suite 200
P.O. Box 128
Wilmington, DE 19899-0128
(302)-573-4800 (telephone)

Michael E. Franklin
The May Department Stores Company
Office of Legal Counsel
611 Olive Street, Suite 1750
St. Louis, Missouri 63101
Telephone: (314) 342-6055
Facsimile: (314) 342-3066

Attorneys for Federated Retail Holdings Inc., f/k/a The May Department Stores Company, d/b/a Strawbridge's

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was mailed first class, postage prepaid to Ms. Renee W. Byrd, 2334 Tolstoy Lane, Newark, DE 19702, this 16th day of March, 2006.

DANIEL P. BENNETT